**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| CARLIE H. HAMMOND, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:11-CV-00051-RWS |
| STATE OF GEORGIA, and | : | |
| GEORGIA DEPARTMENT OF | : | |
| BEHAVIORAL HEALTH & | : | |
| DEVELOPMENTAL | : | |
| DISABILITIES, | | |
| | | |
| Defendants. | | |

**ORDER**

This case comes before the Court on Defendant's Motion to Dismiss Amended Complaint in Lieu of Answer [10]. After considering the Record, the Court enters the following Order.

**Background**

Plaintiff brings the Amended Complaint under Title I of the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §§ 12111-17, alleging unlawful discrimination in employment on the basis of her disabilities. (Am. Compl., Dkt. No. [7] at ¶ 1.) Plaintiff was employed as a registered nurse by Defendant Georgia Department of Human Resources (now Georgia Department

of Behavioral Health & Developmental Disabilities ("GDBH&DD")) from March 1, 2005 until her termination on May 16, 2009. (Id. at 1, ¶ 8.) She alleges that GDBH&DD failed to make reasonable accommodations for Plaintiff's two disabilities, Attention Deficit Disorder ("ADD") and major depression, and that GDBH&DD constructively terminated Plaintiff by forcing her resignation because of these disabilities. (Id. ¶¶ 11-17, 18-20.)

Plaintiff brings two claims under Title I of the ADA (one for discrimination on the basis of Plaintiff's ADD and the other on the basis of her major depression) (Counts I and II), and claims under state tort law for intentional infliction of emotional distress (Count III) and wrongful termination (Count IV). Defendant GDBH&DD moves to dismiss Plaintiff's ADA claims on grounds that Plaintiff failed to exhaust her administrative remedies under the ADA prior to filing suit. (Def.'s Mot. to Dismiss in Lieu of Answer ("Def.'s Mot. to Dismiss"), Dkt. No. [10-1] at 1-4.) Specifically, Defendant argues Plaintiff failed to file a timely Charge of Discrimination with the EEOC and timely Complaint as required under the ADA. (Id.) With regard to Plaintiff's state law tort claims, Defendant moves to dismiss on grounds that Plaintiff failed to satisfy the notice requirements of The Georgia Tort Claims Act, O.C.G.A. § 50-21-26, which are mandatory prerequisites to filing suit against

2

the state.  (Id. at 4-6.)  The Court considers Defendant's motion first as to Plaintiff's ADA claims and then as to her claims under state law.

## Discussion

### I.     Motion to Dismiss Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged.  Id.

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273

3

n.1 (11th Cir. 1999). However, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. The court does not need to "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

## II.     Plaintiff's ADA Claims (Counts I & II)

Defendant moves to dismiss Plaintiff's claims under the ADA on two grounds: first, on the ground that Plaintiff failed to file a timely Charge of Discrimination with the EEOC, and second, on the ground that Plaintiff failed to file her Complaint within the time permitted under the statute. Before filing a complaint under the ADA, a plaintiff must exhaust the administrative remedies provided to her under the ADA. Wilkerson v. Grinnel Corp., 270 F.3d 1314, 1317 (11th Cir. 2001).[1] Accordingly, as a prerequisite to filing suit, a plaintiff must file a timely Charge of Discrimination (a "charge") with the Equal Employment Opportunity Commission (EEOC). 42 U.S.C. § 2000e-5(b)

---

[1] The Wilkerson court considered a complaint filed under Title VII of the Civil Rights Act of 1964. The administrative remedies of Title VII, however, are incorporated by reference in the ADA. See 42 U.S.C. § 12117(a) (incorporating by reference 42 U.S.C. § 2000e-5).

4

& (e)(1).  To be timely, the charge must be filed within 180 days after the allegedly discriminatory employment practice took place.  Id.  Additionally, a plaintiff must file her ADA complaint within 90 days of receiving a Notice of Right to Sue from the EEOC.  Id. § 2000e-5(f)(1).  This Notice of Right to Sue shall be issued to claimants in the event the EEOC dismisses the charge filed pursuant to Section 2000e-5(b).  Id.  The Court must determine whether Plaintiff has satisfied each of these administrative prerequisites to filing this action.  If she has failed to satisfy either, the Court must dismiss the Amended Complaint.

  A. Did Plaintiff filed a timely charge?

  In response to Defendant's Motion to Dismiss on the ground that Plaintiff failed to file a timely charge, Plaintiff does not dispute that her charge was not filed within the statutorily-prescribed 180 days.  (Pl.'s Resp. to & Request to Deny Def.'s Mot. to Dismiss ("Pl.'s Resp."), Dkt. No. [11] at 1-2.)  Indeed, in the Amended Complaint, Plaintiff alleges that her charge was filed on April 21, 2010, well beyond 180 days after she was terminated on May 16, 2009.  (Dkt. No. [7] ¶¶ 6, 8.)  Instead, Plaintiff contends that her EEOC intake questionnaire satisfies the charge requirement.  (Pl.'s Resp., Dkt. No. [11] at 1-2.)  This intake questionnaire was filed with the EEOC on November 5, 2009, within 180 days

5

from the date of Plaintiff's termination.  (Id. at 1; Attachment 1 to Exhibit A, id. at 4-14.)

Under Section 2000e-5(b), a charge "shall be in writing under oath or affirmation and shall contain such information as the [EEOC] requires."  42 U.S.C. § 2000e-5(b).  Pursuant to its rulemaking authority, the EEOC promulgated and adopted a regulation that sets out the minimum contents of a charge.  Pijnenburg v. West Ga. Health System, Inc., 255 F.3d 1304, 1305 (11th Cir. 2001).  The regulation first provides that a charge "shall be in writing and signed and shall be verified."  29 C.F.R. § 1601.9.  "Verified" is defined as "sworn to or affirmed before a notary public, designated representative of the [EEOC], or other person duly authorized by law to administer oaths and take acknowledgements, or supported by an unsworn declaration in writing under penalty of perjury."  Id. § 1601.3(a).  The regulations further list certain information a charge "should have," but provide that even if this information is lacking, the EEOC will deem a charge "sufficient" if in the form of "a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of."  Id. § 1601.12(a)-(b).

Plaintiff is correct that in this circuit, under certain circumstances, a verified EEOC intake questionnaire can constitute a charge.  Indeed, this was

6

the holding of Wilkerson:

> In sum, we hold that a *verified* intake questionnaire that includes the basic information suggested by 29 C.F.R. § 1601.12(a) may constitute a charge for purposes of Title VII statute of limitations when the circumstances of the case would convince a reasonable person that the charging party manifested her intent to activate the administrative process by filing the intake questionnaire with the EEOC.

270 F.3d at 1321 (emphasis added). Accordingly, in certain circumstances, an intake questionnaire can satisfy the requirement of a timely charge. In this case, however, Plaintiff's intake questionnaire cannot do so because it was not verified.

The Court notes that had the questionnaire in this case been verified, the Court would likely find, under Wilkerson, that it was sufficient to constitute a charge. Plaintiff's intake questionnaire would convince a reasonable person—and indeed convinces this Court—that Plaintiff was manifesting her intent to file a charge of discrimination with the EEOC. The intake questionnaire advised Plaintiff that she should check "Box 1" if she "want[ed] to file a charge," and that she should check "Box 2" if she wanted "more information before deciding whether to file a charge." (Attachment 1 to Ex. A, Pl.'s Resp., Dkt. No. [11-1] at 8.) Plaintiff checked "Box 1," which provides:

7

> I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination described above. I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name. I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, or retaliation for opposing discrimination.

(Id. (emphasis in original).) "Box 2," located directly below "Box 1" on the same page of the questionnaire, states:

> I want to talk to an EEOC employee before deciding whether to file a charge of discrimination. I understand that by checking this box, I have not filed a charge with the EEOC. I also understand that I could lose my rights if I do not file a charge in time.

(Id.) The Court finds that a reasonable person would conclude that by checking "Box 1," he or she had filed a charge of discrimination with the EEOC. This is true even given the precautionary language on the coversheet of the questionnaire, which states, "Filling out and sending us this questionnaire does not mean you have filed a charge." (Id. at 4.)

Despite the manifestation of Plaintiff's intent to file a charge with the EEOC in the intake questionnaire, the questionnaire does not satisfy the charge requirement because it was not verified. It was not signed in the presence of a notary public or other authorized person, nor signed by Plaintiff under penalty of perjury. Accordingly, the Court concludes that Plaintiff's charge, filed with

8

the EEOC on April 21, 2010, was not timely and that Counts I and II of the Amended Complaint must be dismissed.

### B.   Was the Complaint timely filed?

Even if the intake questionnaire constituted a charge so as to satisfy the 180-day filing requirement, Plaintiff's Amended Complaint still must be dismissed because Plaintiff failed to file her initial complaint within ninety (90) days of receiving her Notice of Right to Sue. As stated above, under 42 U.S.C. § 2000e-5(f)(1), if a charge of discrimination is dismissed, the EEOC must notify the claimant, who then has 90 days from receipt of such notice in which to file a civil action. In this case, Plaintiff received a Notice of Right to Sue from the EEOC on October 18, 2010. (Ex. 1, Def.'s Mot. to Dismiss, Dkt. No. [10-2] at 1.) She did not file the original Complaint, however, until February 20, 2011. (Dkt. No. [1].)

In opposition to Defendant's Motion to Dismiss on grounds of failure to file a timely complaint, Plaintiff argues that the 90-day limitation period was equitably tolled such that her Complaint was timely. Plaintiff argues that after receiving the Notice of Right to Sue on October 18, 2010, she remained in contact with the EEOC regarding her claim until January 18, 2011, when she was verbally told that the EEOC would not reopen her case. (Pl.'s Resp., Dkt.

No. [11] at 2.)  Specifically, Plaintiff claims that during this period, "the EEOC was seeking and accepting additional information," which "would be used to evaluate whether her investigation would be forwarded . . . for further review." (Id.)  Plaintiff contends that the Court should find the 90-day window for filing the complaint equitably tolled until January 18, 2011 such that Plaintiff's February 20, 2011 Complaint was timely.

The Court, however, disagrees with Plaintiff and finds that the circumstances of this case do not warrant equitable tolling.  The Notice of Right to Sue could not have been more clear that the EEOC had dismissed Plaintiff's charge, thus triggering her right to bring a civil action.  In a section of the letter captioned "Notice of Suit Rights," the letter provides,

> This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in state or federal court.  Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost.

(Ex. 1, Def.'s Reply, Dkt. No. [10-2] at 1.)  The communications Plaintiff allegedly had with the EEOC after receiving this letter regarding the possibility of reopening her case do not obscure the clear message of this Notice:  the EEOC had dismissed Plaintiff's claim, giving Plaintiff the right to sue, which

10

right would be lost if not exercised within 90 days. The Court finds that Plaintiff has failed to show circumstances warranting equitable tolling of the 90-day limitations period for filing her Complaint and thus that the Amended Complaint must be dismissed. Contra Goldsmith v. City of Atmore, 996 F.2d 1155, 1161 (11th Cir. 1993) ("Equitable tolling [of the 90 day rule] may be justified where the plaintiff actively pursued judicial remedies by filing a defective pleading within the statutory period . . . or where the plaintiff has been misled by the court into believing that a filing was effective . . . .) (internal citations omitted); Page v. U.S. Indust., Inc., 556 F.2d 346, 350-51, 354-55 (5th Cir. 1977)[2] (tolling 90-day rule where EEOC's "two letter" procedure patently misled claimants as to when the 90 day period would begin to run).

Accordingly, the Court grants Defendant's Motion to Dismiss as to Counts I and II of the Amended Complaint.

### III.    Plaintiff's State Law Tort Claims (Counts III & IV)

Defendant moves to dismiss Plaintiff's state law tort claims on grounds that Plaintiff has failed to comply with the notice requirements of The Georgia Tort Claims Act, O.C.G.A. §§ 50-21-20, *et seq.* Under this Act, no person may

---

[2] In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the court adopted as binding precedent all decisions of the former Fifth Circuit decided before October 1, 1981.

11

bring a tort claim against the State of Georgia without first giving notice of such claim "in writing within 12 months of the date the loss was discovered or should have been discovered . . . ."  O.C.G.A. § 50-21-26(a)(1).  A copy of this notice is to be attached to the complaint.  Id. § 50-12-26(a)(4).  The Act further provides,

> No action may be commenced under this article following presentation of a notice of claim until either the Department of Administrative Services has denied the claim or more than 90 days have elapsed after the presentation of the notice of claim without action by the Department of Administrative Services, whichever occurs first.

Id. § 50-21-26(b).

Defendant argues that the Amended Complaint must be dismissed because Plaintiff failed to provide the requisite notice of her claims to the state, and therefore failed to wait for the Department of Administrative Services (DOAS) to reject her claims or for 90 days to elapse before filing her Complaint.  Plaintiff did not respond to Defendant's Motion to Dismiss as to her state law tort claims.  Accordingly, pursuant to Local Rule 7.1(B), Defendant's motion is deemed unopposed.  Given the absence of evidence in the Record that Plaintiff complied with the notice requirements of The Georgia Tort Claims Act, and the fact that the Motion to Dismiss is unopposed, the

12

AO 72A
(Rev.8/82)

Court hereby grants Defendant's motion as to the state law tort claims contained in Counts III and IV of the Amended Complaint.

## Conclusion

In accordance with the foregoing, the Court hereby **GRANTS** Defendant's Motion to Dismiss Amended Complaint in Lieu of Answer [10]. The Clerk shall close the case.

**SO ORDERED**, this __23rd__ day of January, 2012.

_____
**RICHARD W. STORY**
United States District Judge